**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KINZIE ADVANCED POLYMERS, LLC | : | |
| d/b/a Grove Bags | : | |
| 26201 Richmond Rd. Unite D | : | |
| Bedford Heights, OH 44146 | : | CASE NO. _____ |
| | : | |
| Plaintiff, | : | JUDGE _____ |
| | : | |
| v. | : | |
| | : | (JURY DEMAND ENDORSED |
| | : | HEREON) |
| CALYX CONTAINERS, LLC | : | |
| 500 Lincoln St. | : | |
| Allston, Massachusetts 02134 | : | |
| c/o Registered Agent | : | |
| Steven Silvers | : | |
| 1991 Parkway Boulevard | : | |
| West Valley City, Utah 84119 | : | |
| | : | |
| and | : | |
| | : | |
| MICHAEL RYAN TATUM | : | |
| 5147 Chicory Circle | : | |
| Brighton, Colorado 80601 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT FOR MONETARY AND
INJUNCTIVE RELIEF WITH JURY DEMAND**

Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags"), for its Complaint for Monetary and Injunctive Relief With Jury Demand (the "Complaint") against Defendants Calyx Containers, LLC ("Calyx") and Michael Ryan Tatum ("Tatum") and (Calyx and Tatum are collectively, "Defendants"), states as follows:

**PARTIES**

1. Plaintiff is an Ohio limited liability company.

1

2. Plaintiff's principal place of business is located in Cuyahoga County at 26201 Richmond Road, Unit D, Bedford Heights, Ohio 44146.

3. Plaintiff's member resides in Ohio.

4. Plaintiff created TerpLoc®, a cannabis film that is the first of its kind.

5. Plaintiff is a leader in the cannabis industry with valuable contacts with all levels of the supply chain from growers to retailers.

6. Tatum is a citizen of Colorado.

7. Tatum is a former Grove Bags' employee who performed services for Grove Bags across North America and overseas.

8. At Grove Bags, Tatum held the position of Chief Commercial Officer.

9. Calyx is a limited liability company formed in Utah.

10. Calyx does business in Ohio, but its principal place of business is outside of Ohio.

11. Calyx's principal address is listed in Massachusetts.

12. Upon information and belief, Calyx's principal place of business is in either Massachusetts or Utah.

13. Upon information and belief, Calyx's members are not residents of Ohio.

14. Calyx and Grove Bags are competitors.

15. This lawsuit arises out of Tatum's intentional violation of his Grove Bags Employment Agreement (the "Employment Agreement") and Severance Agreement (the "Severance Agreement") (the Employment Agreement and the Severance Agreement are collectively, the "Agreements").

16. The Employment Agreement is attached hereto as Exhibit 1.

17. The Severance Agreement is attached hereto as Exhibit 2.

18. This lawsuit further arises out of Calyx's tortious interference with Grove Bags' valuable contract rights.

19. Finally, this lawsuit arises out of Defendants unlawful use of Grove Bags' trade secrets and confidential business information to improperly interfere with and damage Grove Bags' established business and products.

## JURISDICTION AND VENUE

20. Complete diversity exists between the Parties.

21. The amount in controversy in this matter is far in excess of one hundred thousand dollars.

22. This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) there is complete diversity of citizenship between Plaintiff and the Defendants; and (b) the matter in controversy exceeds the jurisdictional limit.

23. This Honorable Court also has jurisdiction over this matter because Grove Bags is asserting a federal claim under the Defendant Trade Secrets Act of 2016, 18 U.S.C. §1836 (the "DTSA").

24. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

25. Jurisdiction is also proper in this Court because the Employment Agreement provides that any claims arising out of the Employment Agreement shall be adjudicated in the courts of the State of Ohio, in Cuyahoga County.

26. Specifically, as part of the Employment Agreement, Tatum "consents to the exercise of personal jurisdiction by any such court with respect to any such proceeding."

27. In addition, the Severance Agreement provides that any claims arising out of the Severance Agreement shall be adjudicated in the courts of the State of Ohio, in Cuyahoga County.

28. Venue is proper in this Court because it is the forum required by the Employment Agreement.

29. Venue is also proper in this Court because it is the forum required by the Severance Agreement.

30. Tatum expressly consented, in writing, to the jurisdiction and venue of this Court in the Employment Agreement and the Severance Agreement entered into with Grove Bags.

31. Finally, Grove Bags' trade secrets, confidential business information, and contracts have significant ties to Ohio and, therefore, this lawsuit arises out of events occurring in this District.

## GROVE BAGS IS THE MARKET LEADER

32. Grove Bags sells high quality packaging products commercial and residential customers.

33. Grove Bags develops and distributes packaging products that create the optimal cannabis climate inside every package.

34. TerpLoc® provides Grove Bags with a competitive advantage in the marketplace.

35. Grove Bags takes significant precautions to protect the TerpLoc® manufacturing information.

36. Grove Bags' products support all phases of the cannabis industry from the grower, to the distributor, to the warehouse, the retailer and finally the end-using customer.

37. Grove Bags has developed customers throughout the cannabis retail business.

38. Grove Bags has developed significant customer information that is highly valuable.

39. Grove Bags takes significant precautions to protect this customer information from use outside of Grove Bags.

40. All Grove Bags' employees are required to sign confidentiality agreements.

41. The confidentiality agreements comply with the DTSA and Ohio law.

42. Grove Bags limits access of customer information to employees with a need to utilize such information for their Grove Bags' job duties and responsibilities.

43. Grove Bags' computer systems are password protected.

44. Grove Bags further limits access to certain customer, financial and product information.

45. Grove Bags requires that employees leaving their employment with Grove Bags to return all Grove Bags' property and equipment.

46. Grove Bags trains its employees to utilize Grove Bags' valuable customer information and trade secrets to perform their Grove Bags' duties.

47. Grove Bags' customer information and training provide Grove Bags with a competitive advantage in the industry.

48. Grove Bags' valuable business information and trade secrets include Grove Bags' costs, Grove Bags' pricing, Grove Bags' customer contracts, Grove Bags' proposed contracts, Grove Bags' distribution channels, Grove Bags' sales information, Grove Bags' customer list, Grove Bags' prospective customer lists, and information and documents relating to the manufacturing and selling of TerpLoc®.

49. The confidential business information is highly valuable.

50. Grove Bags takes significant precautions to protect the confidential business information.

51. The confidential business information is considered a trade secret under state and federal law.

52. While headquartered in Ohio, Grove Bags sells its products all over the world.

## TATUM HAD ACCESS TO GROVE BAGS' TRADE SECRETS AND CUSTOMERS

53. Tatum was employed by Grove Bags as Chief Commercial Officer.

54. A term and condition of Tatum's employment with Grove Bags was execution of the Employment Agreement.

55. Grove Bags would not have hired Tatum and provided him with access to its valuable and confidential customer and training information had Tatum not executed the Employment Agreement.

56. The Employment Agreement provided Tatum with a significant salary.

57. The Employment Agreement provided Tatum the opportunity to earn wages far beyond his salary based on sales of Grove Bags' products.

58. As Chief Commercial Officer, Tatum led Grove Bags' domestic sales efforts.

59. As Chief Commercial Officer, Tatum was responsible for making sales on behalf of Grove Bags.

60. As Chief Commercial Officer, Tatum was also responsible for growing and scaling the sales team.

61. As Chief Commercial Officer, Tatum was responsible for training and mentoring Grove Bags' employees.

62. As Chief Commercial Officer, Tatum had direct contact with and intimate knowledge of Grove Bags' customers and Grove Bags' potential customers.

63. As Chief Commercial Officer, Tatum has significant knowledge of Grove Bags' business, customers' products, vendors, suppliers, employees, pricing, and trade secrets.

64. Tatum worked directly with Grove Bags' current and prospective customers.

65. Tatum worked directly with Grove Bags' management team to learn Grove Bags' products, Grove Bags' pricing information, Grove Bags' cost structure, Grove Bags' business advantages, Grove Bags' distribution channels, and other information that provided Tatum with the ability to maximize his income.

66. The Employment Agreement protected Grove Bags' contractual relationships, customer relationships, and trade secrets.

67. Paragraph 6(a) of the Employment Agreement prohibits Tatum, for a two year period immediately following the voluntary or involuntary termination of his employment with Grove Bags, from directly or indirectly engaging in any business in competition with Grove Bags in the United States or Canada, whether acting independently or as an employee of another company.

68. Paragraph 6(b) of the Employment Agreement also prohibits Tatum, for a two year period immediately following the voluntary or involuntary termination of his employment with Grove Bags, from soliciting business from Grove Bags' current or prospective contractors, clients, customers, suppliers, vendors, licensees, licensors, franchisees, franchisors, or any persons or entities doing business with Grove Bags.

69. Paragraph 6(c) prohibits Tatum from soliciting Grove Bags' employees who also are required to sign versions of the Employment Agreement.

70. Paragraph 7 of the Employment Agreement prohibits Tatum from disclosing Grove Bags' proprietary, confidential, or business information, including its customer lists.

71. The definition of confidential information in Paragraph 7 is reasonable and tied to Grove Bags' operations.

72. The Employment Agreement verifies that the restrictive covenants are reasonable and that Grove Bags is entitled to attorney fees if it is required to file a lawsuit to enforce the Employment Agreement.

73. Grove Bags strictly enforces the restrictive covenants in the Employment Agreement.

74. Grove Bags fully complied with the Employment Agreement.

## TATUM'S SEPARATION

75. Tatum voluntarily resigned from his Grove Bags' employment on August 24, 2023, based on the Severance Agreement.

76. Grove Bags provided Tatum with a severance payment in return for Tatum's promises set forth in the Severance Agreement.

77. Highly relevant to this lawsuit, Paragraph 10 of the Severance Agreement provides: "Compliance With Employment Agreement. The Employee agrees that the Employment Agreement governed his employment with the Company and that the restrictions contained in Paragraphs 6, 7, and 8 in the Employment Agreement are reasonable. The Employee further agrees that his continued compliance with the Employment Agreement is a condition to this Agreement. The Employee's obligations to the Company under the Employment Agreement are incorporated into this Agreement and shall remain in full force and effect."

78. Also relevant to this lawsuit, Paragraph 11 of the Severance Agreement provides: "Third Party Contacts. If the Employee is contacted by any Company customers, prospective customers, suppliers or vendors ("Third Parties"), the Employee shall direct the Third Parties to Dan Jaffe at dan@grovebags.com. The Employee shall also email Jaffe to notify him of the potential contact."

79. The Severance Agreement was negotiated.

80. Tatum represented that he consulted with legal counsel to review and negotiate the Severance Agreement.

81. Grove Bags has fully complied with the Severance Agreement.

82. Tatum has never advised Jaffe of any contact by Third Parties.

83. Tatum has never objected to the Severance Agreement following its execution.

### CALYX IS A COMPETITOR

84. Calyx is Grove Bags' competitor.

85. Calyx's packaging products are not comparable to Grove Bags' packaging products.

86. Upon information and belief, Calyx's sales organization is not as developed and planned as Grove Bags' sales organization.

87. The management teams of Calyx and Grove Bags have contact due to the cannabis industry.

88. Prior to learning of the misconduct in this lawsuit, Grove Bags' founder and Chief Executive Officer confirmed Grove Bags' contractual relationships, trade secrets and inclination to protect these relationships and trade secrets with an owner of Calyx in an August 2024 email.

89. The email confirmed prior discussions between the management teams that left no doubt that all Grove Bags' employees sign employment agreements and Grove Bags strictly enforces its employment agreements.

90. Tatum is fully aware that Grove Bags' strictly enforces the restrictive covenants in the Employment Agreement.

## **DEFENDANTS' UNLAWFUL CONDUCT**

91. Calyx did not object to the August 2024 email.

92. Calyx did not advise Grove Bags that it intended to hire Tatum.

93. Tatum did not advise Grove Bags that he was seeking employment with Calyx.

94. Tatum has communicated with Third Parties on behalf of Calyx in violation of the Severance Agreement.

95. Tatum is performing duties on behalf of Calyx.

96. Tatum is attempting to create a sales organization at Calyx that mirrors Grove Bags' sales organization.

97. Tatum has initiated these activities in violation of the Severance Agreement and the Employment Agreement.

98. Tatum has advised Third Parties that he is a consultant for Calyx.

99. Tatum has advised Third Parties that he has accepted an offer of employment with Calyx that will begin in early 2025.

100. Tatum is utilizing confidential business information and trade secrets in the performance of his Calyx duties.

101. Tatum's activities and relationship with Calyx violate the Severance Agreement.

102. Tatum's activities and relationship with Calyx violate the Employment Agreement.

103. Calyx was fully aware of Tatum's Severance Agreement.

104. Calyx was fully aware of Tatum's Employment Agreement.

105. Calyx and Tatum are attempting to hide Tatum's activities from Grove Bags.

106. Grove Bags has filed this lawsuit upon notice of Defendants' wrongful conduct in order to prevent Tatum from further disclosing valuable trade secrets to Calyx.

107. Contemporaneously with this filing, Grove Bags have notified Calyx of Tatum's wrongful conduct and statements to third parties.

108. Tatum's conduct has damaged Grove Bags.

109. Calyx's conduct has damaged Grove Bags.

110. Unless Defendants are enjoined, Grove Bags will suffer irreparable harm.

## COUNT I – BREACH OF CONTRACT
## EMPLOYMENT AGREEMENT

111. Grove Bags incorporates paragraphs 1 through 110 of the Complaint as if fully rewritten.

112. The Employment Agreement is an enforceable contract.

113. Grove Bags has fully complied with the Employment Agreement.

114. The Employment Agreement prohibits Tatum from disclosing Grove Bags' proprietary or confidential information, competing with Grove Bags, or soliciting business from Grove Bags' customers.

115. Tatum has breached the Employment Agreement.

116. The Employment Agreement provides for injunctive relief because Tatum's breach will cause Grove Bags irreparable harm.

117. Unless injunctive relief is granted, Tatum's actions will cause Grove Bags to suffer irreparable harm.

118. As a direct and proximate result of Tatum's breach of the Employment Agreement, Grove Bags has suffered damages in excess of $25,000.

119. Grove Bags is entitled to its attorneys' fees in bringing this action because of Tatum's violation of the Employment Agreement.

## COUNT II – BREACH OF CONTRACT
## SEVERANCE AGREEMENT

120. Grove Bags incorporates paragraphs 1 through 119 of the Complaint as if fully rewritten.

121. The Severance Agreement is an enforceable contract.

122. Grove Bags has fully complied with the Severance Agreement.

123. The Severance Agreement prohibits Tatum from disclosing Grove Bags' confidential information.

124. The Severance Agreement incorporates Tatum's obligations under the Employment Agreement.

125. Tatum has breached the Severance Agreement.

126. Tatum has not returned the severance payment.

127. As a direct and proximate result of Tatum's breach of the Severance Agreement, Grove Bags has suffered damages in excess of $25,000.

128. Grove Bags is entitled to its attorneys' fees in bringing this action because of Tatum's violation of the Severance Agreement.

129. Grove Bags is entitled to recover the severance payments issued under the Severance Agreement.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS

130. Grove Bags incorporates paragraphs 1 through 129 of the Complaint as if fully rewritten.

131. The DTSA protects Grove Bags' confidential business information.

132. Ohio law protects Grove Bags' confidential business information.

133. Grove Bags maintains trade secrets. Grove Bags expended considerable effort and money in obtaining and developing its trade secrets.

134. Those trade secrets are valuable in that they are not generally known to the competitors of Grove Bags or the public.

135. Grove Bags has taken reasonable efforts to maintain the secrecy of its trade secrets.

136. Upon information and belief, Tatum has willfully and maliciously misappropriated Grove Bags' trade secrets and used them to his business advantage.

137. Calyx has willfully and maliciously misappropriated Grove Bags' trade secrets and used them to its business advantage.

138. Unless injunctive relief is granted, Defendants' misappropriation will cause Grove Bags to suffer irreparable harm.

139. Defendants are therefore liable to Grove Bags under the Ohio Trade Secrets Act and injunctive relief should be granted.

140. Defendants are therefore liable to Grove Bags under the Ohio Trade Secrets Act for its actual damages, exemplary damages, and attorneys' fees, and injunctive relief should be granted.

### COUNT IV – TORTIOUS INTERFERENCE WITH ECONOMIC AND/OR BUSINESS RELATIONS

141. Grove Bags incorporates paragraphs 1 through 140 of the Complaint as if fully rewritten.

142. Grove Bags has economic and business relationships with its customers and other third parties.

143. Defendants know of Grove Bags' economic and business relationships.

144. Tatum has contacted at least one Third Party who has a contractual relationship with Grove Bags.

145. Tatum's contact with this Third Party was intended to utilize the Third Party's valuable services for Calyx.

146. Calyx would not have known or used of this Third Party but for Tatum.

147. The Third Party's business, know-how and expertise were known to Tatum due to his Grove Bags' employment.

148. Defendants intentionally and maliciously interfered with Grove Bags' economic and business relationships.

149. Unless injunctive relief is granted, Defendants' interference and misappropriation will cause Grove Bags to suffer irreparable harm.

150. As a direct and proximate result of Defendants' intentional and malicious interference with Grove Bags' economic and business relationships, Grove Bags has suffered damages in excess of $25,000.

151. Defendants are therefore liable to Grove Bags for its actual damages, exemplary damages, and reasonable attorneys' fees.

### COUNT V – TORTIOUS INTERFERENCE WITH ECONOMIC, CONTRACT, AND/OR BUSINESS RELATIONS

152. Grove Bags incorporates paragraph 1 through 151 of the Complaint as if fully rewritten.

153. Grove Bags had an economic, contract, and business relationship with Tatum.

154. Grove Bags has economic, contract, and business relationships with its current employees.

155. Grove Bags has economic, contract, and business relationships with customers, vendors, suppliers and other third parties.

156. Calyx knew of Grove Bags' economic, contract and business relationships with Tatum.

157. Calyx was aware of Grove Bags' contract with Tatum.

158. Tatum knew that consulting and/or accepting employment with Calyx was in violation of his agreements with Grove Bags.

159. Calyx intentionally and maliciously interfered with Grove Bags' economic, contract and business relationship with Tatum and has attempted to interfere with Grove Bags' economic, contract, and business relationship with its other employees.

160. Unless injunctive relief is granted, Defendants' actions will cause Grove Bags to suffer irreparable harm.

161. As a direct and proximate result of Defendants' intentional and malicious interference with Grove Bags' economic and business relationships, Grove Bags has suffered damages in excess of $25,000.

162. As a consequence of Defendants' actions, which were malicious, reckless, wanton, willful and gross and were characterized by hatred, ill will, a spirit of revenge, or a conscious disregard for the rights of Grove Bags, Grove Bags is entitled to an award of punitive or exemplary damages and attorneys' fees.

163. Defendants are therefore liable to Grove Bags for its actual damages, exemplary damages, and reasonable attorneys' fees.

## COUNT VI – CIVIL CONSPIRACY

164. Grove Bags incorporates paragraph 1 through 163 of the Complaint as if fully rewritten.

165. Defendants have conspired to unlawfully utilize Grove Bags' trade secrets.

166. Defendants have conspired to unlawfully interfere with Grove Bags' customer relationships.

167. Defendants have conspired to damage Grove Bags.

168. Defendants have attempted to hide their employment relationship in order to avoid litigation and to damage Grove Bags behind the scenes.

169. Defendants' conduct is knowing, intentional and malicious.

170. As a direct and proximate result of Defendants' intentional and malicious interference with Grove Bags' economic and business relationships, Grove Bags has suffered damages in excess of $25,000.

171. As a consequence of Defendants' actions, which were malicious, reckless, wanton, willful and gross and were characterized by hatred, ill will, a spirit of revenge, or a conscious disregard for the rights of Grove Bags, Grove Bags is entitled to an award of punitive or exemplary damages and attorneys' fees.

172. Defendants are therefore liable to Grove Bags for its actual damages, exemplary damages, and reasonable attorneys' fees.

## COUNT VII – INJUNCTIVE RELIEF

173. Grove Bags incorporates paragraphs 1 through 172 of the Complaint as if fully rewritten.

174. Tatum's conduct in violating the Employment Agreement and Severance Agreement, interfering with Grove Bags' economic and business relationships, and misappropriating Grove Bags' trade secrets, including customer lists and information, unless enjoined, will cause irreparable harm to Grove Bags.

175. Calyx's conduct in soliciting Tatum and offering employment to Tatum in a consulting role/sales position will cause irreparable harm to Grove Bags if Tatum begins active employment with Calyx.

176. Tatum's conduct is a knowing violation of his obligations to Grove Bags.

177. Tatum was previously notified and made aware of the Agreements and Grove Bags' intent to enforce the Agreements.

178. Calyx was also notified of Grove Bags' Agreements and Grove Bags' position that Calyx's employment of Tatum violated the Agreements.

179. Calyx was aware of Grove Bags' contracts with Tatum.

180. Calyx was aware of Tatum's non-compete agreement.

181. Unless enjoined from continuing such conduct, Defendants' actions will cause irreparable injury to Grove Bags for which Grove Bags would have no adequate remedy at law.

182. An injunction is necessary to prevent any irreparable injury to Grove Bags and, further, would be in the public's interest.

183. Tatum had notice of these issues, but elected to continue violating the Employment Agreement and the Severance Agreement.

184. Defendants should therefore be enjoined: from competing against Grove Bags in violation of the Employment Agreement; from soliciting Grove Bags employees to terminate their employment and compete with Grove Bags in violation of the Employment Agreement; from

interfering with the relationship between Grove Bags and its employees; from soliciting business from Grove Bags' customers in violation of the Employment Agreement; from using Grove Bags' confidential and proprietary information in violation of the Employment Agreement and Severance Agreement; and from misappropriating Grove Bags' trade secrets.

WHEREFORE, Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags demands judgment and relief against Defendants Michael Ryan Tatum and Calyx Containers as follows:

1. Injunctive relief requiring Tatum's compliance with the Employment Agreement with Grove Bags;

2. Injunctive relief requiring Tatum's compliance with the Severance Agreement with Grove Bags;

3. Injunctive relief requiring Calyx to cease employing Tatum;

4. Injunctive relief requiring Defendants to return Grove Bags' business information;

5. Damages and all other relief, at law or equity, to which Grove Bags is entitled;

6. Return of Tatum's severance payment;

7. Exemplary damages against Defendants in an amount to be proven at trial;

8. Reasonable attorneys' fees pursuant to the Employment Agreement, Severance Agreement, Ohio statutory and common law;

9. Costs incurred in prosecuting this action; and

10. Any other appropriate relief that this Court deems just and equitable.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Gordon Rees Scully Mansukhani
600 Superior Avenue East, Suite 1300
Cleveland, Ohio 44114
Phone: 216-302-2531
Fax: 216-539-0026
Dcampbell@grsm.com

*Attorney for Plaintiff*
*Kinzie Advanced Polymers, LLC*

## **JURY DEMAND**

Plaintiff demands a trial by jury in this matter with the maximum number of jurors permitted by law.

                                          /s/ *David A. Campbell*
                                          *Counsel for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*