**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KINZIE ADVANCED POLYMERS, LLC D/B/A GROVE BAGS, | ) ) | CASE NO. 1:24-cv-01887 |
| Plaintiff, | ) ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) ) | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| CALYX CONTAINERS, LLC, | ) ) | **ANSWER OF DEFENDANT CALYX** |
| and | ) ) | **CONTAINERS, LLC TO PLAINTIFF'S AMENDED COMPLAINT** |
| MICHAEL RYAN TATUM, | ) ) | |
| Defendants. | ) ) | |
| | ) | |

Defendant Calyx Containers, LLC ("Calyx"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(a)(4), hereby answers Plaintiff's Amended Complaint filed on January 10, 2025 (Doc. 9) and asserts the following affirmative defenses. This Answer specifically considers and addresses the Court's Orders at Docs. 56 and 61, granting in part and denying in part Plaintiff's Motion for Preliminary Injunction (Count VII) and dismissing Counts IV, VI, and VII.[1]  Accordingly, the only Counts that remain are Counts I, II, III, and V. For further answer, Calyx states as follows:

**PARTIES**

1.      Calyx admits the allegations in Paragraph 1.

2.      Paragraph 2 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx states it is without sufficient knowledge to either admit or deny Paragraph 2, and, therefore, denies the allegations in Paragraph 2.

---

[1] Calyx notes, for the sake of clarity, that there are two Counts labelled Count VII:  Deceptive Trade Practices and Injunctive Relief.  The Court's Order at Doc. 61 dismisses the Deceptive Trade Practices Count VII.

1

3.    Calyx states it is without sufficient knowledge to either admit or deny Paragraph 3, and, therefore, denies the allegations in Paragraph 3.

4.    Calyx admits only that Grove Bags is an Ohio-based company.  Calyx denies the remaining allegations in Paragraph 4.

5.    Paragraph 5 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx states it is without sufficient knowledge to either admit or deny Paragraph 5, and, therefore, denies the allegations in Paragraph 5.

6.    Calyx states it is without sufficient knowledge to either admit or deny Paragraph 6, and, therefore, denies the allegations in Paragraph 6.

7.    Calyx states it is without sufficient knowledge to either admit or deny Paragraph 7, and, therefore, denies the allegations in Paragraph 7.

8.    Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx states it is without sufficient knowledge to either admit or deny Paragraph 8, and, therefore, denies the allegations in Paragraph 8.

9.    Calyx admits only that Tatum is a former Grove Bags employee.  Calyx is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 9, and, therefore, denies the allegations in Paragraph 9.

10.    Calyx states it is without sufficient knowledge to either admit or deny Paragraph 10, and, therefore, denies the allegations in Paragraph 10.

11.    Calyx states it is without sufficient knowledge to either admit or deny Paragraph 11, and, therefore, denies the allegations in Paragraph 11.

12.    Calyx admits the allegations in Paragraph 12.

13.    Calyx admits the allegations in Paragraph 13.

14.     Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits only that its principal place of business is outside of Ohio.  Calyx denies the remaining allegations in Paragraph 14.

15.     Calyx admits only that it maintains an address in Massachusetts.  Calyx denies the remaining allegations in Paragraph 15.

16.     Paragraph 16 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits only that it maintains addresses in Massachusetts and Utah.  Calyx denies the remaining allegations in Paragraph 16.

17.     Paragraph 17 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits the allegations in Paragraph 17.

18.     Paragraph 18 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits the allegations in Paragraph 18.

19.     Paragraph 19 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits the allegations in Paragraph 19.

20.     Calyx admits the allegations in Paragraph 20.

21.     Paragraph 21 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits only that it charges sales tax to Ohio purchasers.  Calyx denies the remaining allegations in Paragraph 21.

22.     Paragraph 22 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx states that the Ohio Department of Taxation's rules and guidance documents speak for themselves.

23.     Calyx admits the allegations in Paragraph 23.

24.     Calyx admits the allegations in Paragraph 24.

25.     Paragraph 25 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 25.

26.     Calyx admits only that Plaintiff has attached Exhibit 1 to the Amended Complaint. Calyx denies the remaining allegations in Paragraph 26.

27.     Calyx admits only that Plaintiff has attached Exhibit 2 to the Amended Complaint. Calyx denies the remaining allegations in Paragraph 27.

28.     Paragraph 28 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 28.

29.     Paragraph 29 states a legal conclusion to which no response is required. extent a response is required, Calyx denies the allegations in Paragraph 29.

**JURISDICTION AND VENUE**

30.     Paragraph 30 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits the allegations in Paragraph 30.

31.     Paragraph 31 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 31.

32.     Paragraph 32 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 32.

33.     Paragraph 33 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits the allegations in Paragraph 33.

34.     Paragraph 34 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx admits the allegations in Paragraph 34.

35.     Paragraph 35 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 35.

4

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, Calyx admits only that the Employment Agreement contains the quoted language. Calyx denies the remaining allegations in Paragraph 36.

37. Calyx admits only that the Severance Agreement contains language purporting to dictate jurisdiction. Calyx denies the remaining allegations in Paragraph 37.

38. Calyx admits only that Plaintiff has attached Exhibit 3 to the Amended Complaint. Calyx is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 38, and, therefore, denies the remaining allegations in Paragraph 38.

39. Calyx admits only that the Consultancy Agreement contains language purporting to dictate jurisdiction. Calyx denies the remaining allegations in Paragraph 39.

40. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 40, and, therefore, denies the allegations in Paragraph 40.

41. Calyx admits only that Plaintiff has attached Exhibits 4 and 5 to the Amended Complaint. Calyx denies the remaining allegations in Paragraph 41.

42. Calyx admits only that the Employment Agreements attached to the Amended Complaint contain language purporting to dictate jurisdiction. Calyx denies the remaining allegations in Paragraph 42.

43. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 43, and, therefore, denies the allegations in Paragraph 43.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the language of the statute speaks for itself.

46. Calyx admits only that it is registered to do business in Ohio, has one employee who resides in Ohio, and sells its products in Ohio. Calyx denies the remaining allegations in Paragraph 46.

47. Paragraph 47 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the cited case speaks for itself.

48. Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the cited case speaks for itself.

49. Paragraph 49 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the cited case speaks for itself.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the cited case speaks for itself.

51. Calyx denies the allegations in Paragraph 51.

52. Calyx denies the allegations in Paragraph 52.

53. Calyx denies the allegations in Paragraph 53.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the cited case speaks for itself.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Calyx states that the cited cases speak for themselves.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 56.

57. Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 57.

58. Paragraph 58 states a legal conclusion to which no response is required. To the

extent a response is required, Calyx denies the allegations in Paragraph 58.

59.     Paragraph 59 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 59.

60.     Paragraph 60 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 60.

61.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 61, and, therefore, denies the allegations in Paragraph 61.

62.     Paragraph 62 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 62.

## GROVE BAGS IS THE MARKET LEADER

63.     Calyx admits only that Grove Bags sells packaging products.  Calyx is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 63, and, therefore, denies those allegations.

64.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 64, and, therefore, denies the allegations in Paragraph 64.

65.     Calyx denies the allegations in Paragraph 65.

66.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 66, and, therefore, denies the allegations in Paragraph 66.

67.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 67, and, therefore, denies the allegations in Paragraph 67.

68.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 68, and, therefore, denies the allegations in Paragraph 68.

69.     Calyx is without sufficient knowledge to either admit or deny the allegations in

Paragraph 69, and, therefore, denies the allegations in Paragraph 69.

70. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 70, and, therefore, denies the allegations in Paragraph 70.

71. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 71, and, therefore, denies the allegations in Paragraph 71.

72. Paragraph 72 states a legal conclusion to which no response is required. To the extent a response is required, Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 72, and, therefore, denies the allegations in Paragraph 72.

73. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 73, and, therefore, denies the allegations in Paragraph 73.

74. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 74, and, therefore, denies the allegations in Paragraph 74.

75. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 75, and, therefore, denies the allegations in Paragraph 75.

76. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 76, and, therefore, denies the allegations in Paragraph 76.

77. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 77, and, therefore, denies the allegations in Paragraph 77.

78. Calyx denies the allegations in Paragraph 78.

79. Calyx denies the allegations in Paragraph 79.

80. Calyx denies the allegations in Paragraph 80.

81. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 81, and, therefore, denies the allegations in Paragraph 81.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 82.

83. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 83, and, therefore, denies the allegations in Paragraph 83.

## TATUM HAD ACCESS TO GROVE BAGS' TRADE SECRETS AND CUSTOMERS

84. Calyx admits the allegations in Paragraph 84.

85. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 85, and, therefore, denies the allegations in Paragraph 85.

86. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 86, and, therefore, denies the allegations in Paragraph 86.

87. Calyx admits only that the Employment Agreement provided for an annual base salary of $145,000. Calyx denies the remaining allegations in Paragraph 87.

88. Calyx admits only that the Employment Agreement provided for performance-based bonuses. Calyx denies the remaining allegations in Paragraph 88.

89. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 89, and, therefore, denies the allegations in Paragraph 89.

90. Calyx admits only that the Consultancy Agreement contains a section entitled "Confidential Information." Calyx denies the remaining allegations in Paragraph 90.

91. Calyx admits only that the Consultancy Agreement contains sections entitled "Non-Competition" and "Non-Solicitation." Calyx denies the remaining allegations in Paragraph 91.

92. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 92, and, therefore, denies the allegations in Paragraph 92.

93. Calyx is without sufficient knowledge to either admit or deny the allegations in

9

Paragraph 93, and, therefore, denies the allegations in Paragraph 93.

94.     Calyx admits only that the 2020 Employment Agreement lists Tatum's position as Chief Commercial Officer.  Calyx is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 94, and, therefore, denies those allegations.

95.     Calyx admits only that the 2020 Employment Agreement contains sections that purport to cover confidentiality, competition, solicitation, and jurisdiction.  Calyx denies the remaining allegations in Paragraph 95.

96.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 96, and, therefore, denies the allegations in Paragraph 96.

97.     Calyx admits only that the 2021 Employment Agreement contains sections that purport to cover confidentiality, competition, solicitation, and jurisdiction.  Calyx denies the remaining allegations in Paragraph 97.

98.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 98, and, therefore, denies the allegations in Paragraph 98.

99.     Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 99, and, therefore, denies the allegations in Paragraph 99.

100.    Calyx admits only that the 2023 Employment Agreement contains sections that purport to cover confidentiality, competition, solicitation, and jurisdiction.  Calyx denies the remaining allegations in Paragraph 100.

101.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 101, and, therefore, denies the allegations in Paragraph 101.

102.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 102, and, therefore, denies the allegations in Paragraph 102.

103. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 103, and, therefore, denies the allegations in Paragraph 103.

104. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 104, and, therefore, denies the allegations in Paragraph 104.

105. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 105, and, therefore, denies the allegations in Paragraph 105.

106. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 106, and, therefore, denies the allegations in Paragraph 106.

107. Calyx admits only that the Severance Agreement contains the quoted language. Calyx denies the remaining allegations in Paragraph 107.

108. Calyx admits only that the Severance Agreement contains sections that purport to cover jurisdiction. Calyx denies the remaining allegations in Paragraph 108.

109. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 109, and, therefore, denies the allegations in Paragraph 109.

110. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 110, and, therefore, denies the allegations in Paragraph 110.

111. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 111, and, therefore, denies the allegations in Paragraph 111.

112. Paragraph 112 states a legal conclusion to which no response is required. To the extent a response is required, Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 112, and, therefore, denies the allegations in Paragraph 112.

113. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 113, and, therefore, denies the allegations in Paragraph 113.

114. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 114, and, therefore, denies the allegations in Paragraph 114.

115. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 115, and, therefore, denies the allegations in Paragraph 115.

116. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 116, and, therefore, denies the allegations in Paragraph 116.

117. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 117, and, therefore, denies the allegations in Paragraph 117.

118. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 118, and, therefore, denies the allegations in Paragraph 118.

119. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 119, and, therefore, denies the allegations in Paragraph 119.

120. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 120, and, therefore, denies the allegations in Paragraph 120.

121. Calyx admits only that the Employment Agreement purports to protect confidential information. Calyx denies the remaining allegations in Paragraph 121.

122. Calyx admits only that the Employment Agreement contains a provision that purports to create a non-competition agreement. Calyx denies the remaining allegations in Paragraph 122.

123. Calyx admits only that the Employment Agreement contains a provision that purports to create a non-solicitation agreement. Calyx denies the remaining allegations in Paragraph 123.

124. Calyx admits only that the Employment Agreement contains a provision that

purports to create a non-solicitation agreement. Calyx denies the remaining allegations in Paragraph 124.

125. Calyx admits only that the Employment Agreement purports to protect confidential information. Calyx denies the remaining allegations in Paragraph 125.

126. Paragraph 126 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 126.

127. Calyx admits only that the Employment Agreement purports to provide for the reasonableness of the covenants and for attorney's fees. Calyx denies the remaining allegations in Paragraph 127.

128. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 128, and, therefore, denies the allegations in Paragraph 128.

129. Calyx denies the allegations in Paragraph 129.

130. Paragraph 130 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 130.

### TATUM'S SEPARATION

131. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 131, and, therefore, denies the allegations in Paragraph 131.

132. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 132, and, therefore, denies the allegations in Paragraph 132.

133. Calyx admits only that the Severance Agreement contains the quoted language, Calyx denies the remaining allegations in Paragraph 133.

134. Calyx admits only that the Severance Agreement contains the quoted language, Calyx denies the remaining allegations in Paragraph 134.

135.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 135, and, therefore, denies the allegations in Paragraph 135.

136.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 136, and, therefore, denies the allegations in Paragraph 136.

137.    Calyx denies the allegations in Paragraph 137.

138.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 138, and, therefore, denies the allegations in Paragraph 138.

139.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 139, and, therefore, denies the allegations in Paragraph 139.

### CALYX IS A COMPETITOR

140.    Calyx admits the allegations in Paragraph 140.

141.    Calyx denies the allegations in Paragraph 141.

142.    Calyx denies the allegations in Paragraph 142.

143.    Calyx admits the allegations in Paragraph 143.

144.    Calyx admits only that it received an email from Grove Bags in August 2024. Calyx denies the remaining allegations in Paragraph 144.

145.    Calyx denies the allegations in Paragraph 145.

146.    Calyx admits only that Grove Bags' management team communicated with Calyx after Tatum began working for Calyx.  Calyx denies the remaining allegations in Paragraph 146.

147.    Calyx admits only that Grove Bags' management team communicated with Calyx after Tatum began working for Calyx.  Calyx denies the remaining allegations in Paragraph 147.

148.    Calyx admits only that it continued working with Tatum after this lawsuit was filed. Calyx denies the remaining allegations in Paragraph 148.

149. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 149, and, therefore, denies the allegations in Paragraph 149.

**DEFENDANTS' UNLAWFUL CONDUCT**

150. Calyx denies the allegations in Paragraph 150.

151. Calyx admits the allegations in Paragraph 151.

152. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 152, and, therefore, denies the allegations in Paragraph 152.

153. Paragraph 153 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 153.

154. Calyx denies the allegations in Paragraph 154.

155. Calyx denies the allegations in Paragraph 155.

156. Paragraph 156 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 156.

157. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 157, and, therefore, denies the allegations in Paragraph 157.

158. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 158, and, therefore, denies the allegations in Paragraph 158.

159. Calyx denies the allegations in Paragraph 159.

160. Paragraph 160 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 160.

161. Paragraph 161 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 161.

162. Calyx admits that it became aware of the existence of the Severance Agreement.

Calyx denies the remaining allegations in Paragraph 162.

163.    Calyx admits that it became aware of the existence of the Employment Agreement. Calyx denies the remaining allegations in Paragraph 163.

164.    Calyx denies the allegations in Paragraph 164.

165.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 165, and, therefore, denies the allegations in Paragraph 165.

166.    Calyx denies the allegations in Paragraph 166.

167.    Calyx admits the allegations in Paragraph 167.

168.    Calyx denies the allegations in Paragraph 168.

169.    Calyx denies the allegations in Paragraph 169.

170.    Calyx admits the allegations in Paragraph 170.

171.    Calyx admits the allegations in Paragraph 171.

172.    Calyx denies the allegations in Paragraph 172.

173.    Calyx denies the allegations in Paragraph 173.

174.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 174, and, therefore, denies the allegations in Paragraph 174.

175.    Calyx admits only that Grove Bags contacted Calyx after the lawsuit was filed. Calyx denies the remaining allegations in Paragraph 175.

176.    Calyx admits only that Tatum attended MJBizCon.  Calyx denies the remaining allegations in Paragraph 176.

177.    Calyx admits the allegations in Paragraph 177.

178.    Calyx admits the allegations in Paragraph 178.

179.    Calyx admits the allegations in Paragraph 179.

16

180. Calyx denies the allegations in Paragraph 180.

181. Calyx admits only that Tatum posted on social media about Calyx.  Calyx denies the remaining allegations in Paragraph 181.

182. Calyx denies the allegations in Paragraph 182.

183. Calyx denies the allegations in Paragraph 183.

184. Calyx denies the allegations in Paragraph 184.

185. Calyx denies the allegations in Paragraph 185.

186. Calyx admits only that Grove Bags served the Complaint and moved forward with injunction pleadings.  Calyx denies the remaining allegations in Paragraph 186.

## IRREPARABLE HARM

187. Calyx admits only that Grove Bags has filed this lawsuit.  Calyx denies the remaining allegations in Paragraph 187.

188. Calyx admits only that Grove Bags communicated with Calyx contemporaneously with the Amended Complaint.  Calyx denies the remaining allegations in Paragraph 188.

189. Calyx denies the allegations in Paragraph 189.

190. Calyx denies the allegations in Paragraph 190.

191. Calyx denies the allegations in Paragraph 191.

192. Calyx admits only that Grove Bags sought an injunction.  Calyx denies the remaining allegations in Paragraph 192.

193. Paragraph 193 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 193.

194. Calyx admits only that the 2023 Employment Agreement contains language that purports to create a noncompete agreement and that Calyx and Grove Bags are competitors.  Calyx

17

denies the remaining allegations in Paragraph 194.

195.    Calyx admits only that the 2023 Employment Agreement contains language that purports to create a non-solicitation agreement.  Calyx denies the remaining allegation in Paragraph 195.

196.    Calyx denies the allegations in Paragraph 196.

197.    Paragraph 197 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 197.

198.    Paragraph 198 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 198.

199.    Paragraph 199 states a legal conclusion to which no response is required.  To the extent a response is required, Calyx denies the allegations in Paragraph 199.

200.    Calyx denies the allegations in Paragraph 200.

201.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 201, and, therefore, denies the allegations in Paragraph 201.

202.    Calyx denies the allegations in Paragraph 202.

203.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 203, and, therefore, denies the allegations in Paragraph 203.

204.    Calyx admits only that it has publicized information about Tatum.  Calyx denies the remaining allegations in Paragraph 204.

205.    Calyx denies the allegations in Paragraph 205.

206.    Calyx denies the allegations in Paragraph 206.

207.    Calyx denies the allegations in Paragraph 207.

## COUNT I – BREACH OF CONTRACT
## EMPLOYMENT AGREEMENT

208. Calyx incorporates its responses to Paragraphs 1 through 207 of the Amended Complaint as if fully rewritten.

209. Paragraph 209 states a legal conclusion to which no response is required. Moreover, Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 209.

210. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 210, and, therefore, denies the allegations in Paragraph 210.

211. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 211.

212. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 212.

213. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 213.

214. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 214.

215. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 215.

216. Count I is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 216.

## COUNT II – BREACH OF CONTRACT
## SEVERANCE AGREEEMENT

217. Calyx incorporates its responses to Paragraphs 1 through 216 of the Amended Complaint as if fully rewritten.

218. Paragraph 218 states a legal conclusion to which no response is required. Moreover, Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 218.

219. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 219.

220. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 220.

221. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 221.

222. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 222.

223. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 223, and, therefore, denies the allegations in Paragraph 223.

224. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 224.

225. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 225.

226. Count II is not directed to Calyx, and, therefore, no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 226.

## COUNT III – MISAPPROPRIATION OF TRADE SECRETS

227.    Calyx incorporates its responses to Paragraphs 1 through 226 of the Amended Complaint as if fully rewritten.

228.    Calyx denies the allegations in Paragraph 228.

229.    Calyx denies the allegations in Paragraph 229.

230.    Calyx denies the allegations in Paragraph 230.

231.    Calyx denies the allegations in Paragraph 231.

232.    Calyx denies the allegations in Paragraph 232.

233.    Calyx denies the allegations in Paragraph 233.

234.    Calyx denies the allegations in Paragraph 234.

235.    Calyx denies the allegations in Paragraph 235.

236.    Calyx denies the allegations in Paragraph 236.

237.    Calyx denies the allegations in Paragraph 237.

## COUNT IV – TORTIOUS INTERFERENCE WITH ECONOMIC AND/OR BUSINESS RELATIONS

238.    Calyx incorporates its responses to Paragraphs 1 through 237 of the Amended Complaint as if fully rewritten.

239.    The allegations in Paragraph 239 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

240.    The allegations in Paragraph 240 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

241.    The allegations in Paragraph 241 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

242.    The allegations in Paragraph 242 were dismissed under the Court's Order on

21

Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

243. The allegations in Paragraph 243 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

244. The allegations in Paragraph 244 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

245. The allegations in Paragraph 245 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

246. The allegations in Paragraph 246 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

247. The allegations in Paragraph 247 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

248. The allegations in Paragraph 248 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

<u>**COUNT V – TORTIOUS INTERFERENCE WITH ECONOMIC,<br>CONTRACT, AND/OR BUSINESS RELATIONS**</u>

249. Calyx incorporates its responses to Paragraphs 1 through 248 of the Amended Complaint as if fully rewritten.

250. Calyx denies the allegations in Paragraph 250.

251. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 251, and, therefore, denies the allegations in Paragraph 251.

252. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 252, and, therefore, denies the allegations in Paragraph 252.

253. Calyx denies the allegations in Paragraph 253 insofar as they imply that the relationships were active or enforceable at the relevant time.

254.    Calyx denies the allegations in Paragraph 254.

255.    Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 255, and, therefore, denies the allegations in Paragraph 255.

256.    Calyx denies the allegations in Paragraph 256.

257.    Calyx denies the allegations in Paragraph 257.

258.    Calyx denies the allegations in Paragraph 258.

259.    Calyx denies the allegations in Paragraph 259.

260.    Calyx denies the allegations in Paragraph 260.

## COUNT VI – CIVIL CONSPIRACY

261.    Calyx incorporates its responses to Paragraphs 1 through 260 of the Amended Complaint as if fully rewritten.

262.    The allegations in Paragraph 262 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

263.    The allegations in Paragraph 263 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

264.    The allegations in Paragraph 264 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

265.    The allegations in Paragraph 265 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

266.    The allegations in Paragraph 266 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

267.    The allegations in Paragraph 267 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

268.    The allegations in Paragraph 268 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

269.    The allegations in Paragraph 269 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

## COUNT VII – DECEPTIVE TRADE PRACTICES

270.    Calyx incorporates its responses to Paragraphs 1 through 269 of the Amended Complaint as if fully rewritten.

271.    The allegations in Paragraph 271 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

272.    The allegations in Paragraph 272 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

273.    The allegations in Paragraph 273 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

274.    The allegations in Paragraph 274 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

275.    The allegations in Paragraph 275 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

276.    The allegations in Paragraph 276 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

277.    The allegations in Paragraph 277 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

278.    The allegations in Paragraph 278 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

279. The allegations in Paragraph 279 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

280. The allegations in Paragraph 280 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

281. The allegations in Paragraph 281 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

282. The allegations in Paragraph 282 were dismissed under the Court's Order on Defendant's Motion to Dismiss (Doc. 61) and, therefore, no responsive pleading is required.

## COUNT VII – INJUNCTIVE RELIEF

283. Calyx incorporates its responses to Paragraphs 1 through 282 of the Amended Complaint as if fully rewritten.

284. Calyx denies the allegations in Paragraph 284.

285. Calyx denies the allegations in Paragraph 285.

286. Paragraph 286 states a legal conclusion to which no response is required. To the extent a response is required, Calyx denies the allegations in Paragraph 286.

287. Calyx is without sufficient knowledge to either admit or deny the allegations in Paragraph 287, and, therefore, denies the allegations in Paragraph 287.

288. Calyx denies the allegations in Paragraph 288.

289. Calyx denies the allegations in Paragraph 289 insofar as they imply the contracts were valid or enforceable.

290. Calyx denies the allegations in Paragraph 290 insofar as they imply the non-compete agreement was valid or enforceable.

291. Calyx denies the allegations in Paragraph 291.

292. Calyx denies the allegations in Paragraph 292.

293. Calyx denies the allegations in Paragraph 293.

294. Calyx denies the allegations in Paragraph 294.

295. Calyx denies that Plaintiff is entitled to any of the relief sought in Paragraphs 1-10 of the section wherein Plaintiff lists its relief sought.

296. Calyx denies any allegation not specifically admitted or denied herein.

297. Calyx admits that Plaintiff demands a trial by jury in this matter.

Calyx denies any wrongdoing whatsoever and denies each and every allegation in the Amended Complaint not specifically admitted herein as true.

In response to the section of the Amended Complaint beginning with "WHEREFORE," Calyx denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the specific relief articulated in sections 1-10 thereunder.

## AFFIRMATIVE AND OTHER DEFENSES

Calyx asserts the following defenses in response to the Amended Complaint. By pleading these defenses, Calyx does not assume Plaintiff's burden of proof or concede that any particular issue or subject matter is relevant to Plaintiff's allegations. On the basis of the above, by way of further answer to Plaintiff's Amended Complaint, Calyx alleges the following defenses:

1. Plaintiff's claims are barred, in whole or in part, because the complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, acquiescence, ratification, license, consent, laches, unclean hands, or *in pari delicto*.

3. Plaintiff's claims are barred, in whole or in part, because the Court lacks personal

26

jurisdiction over Calyx.

4.      Plaintiff's claims are barred, in whole or in part, because venue is improper in this Court.

5.      Any alleged losses suffered by Plaintiff were not as a consequence of, or in reliance upon, any alleged acts or omissions of Calyx.

6.      Plaintiff's claims are barred, in whole or in part, because Calyx's alleged actions were justified or privileged under the circumstances and/or constituted fair competition.

7.      Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged contractual relationships with Tatum and other current and former employees were obtained through fraud or duress or are otherwise unenforceable.

8.      Plaintiff's claims are barred, in whole or in part, because the underlying contracts at issue are void or unenforceable as they are void as against public policy or were entered into in violation of applicable law, or for an unlawful purpose or interest, or to facilitate or cover up unlawful conduct.

9.      Plaintiff's claims are barred, in whole or in part, because Plaintiff did not comply with its obligations under the relevant contracts or because Plaintiff engaged in a first material breach of the contracts.

10.     Plaintiff's claims are barred, in whole or in part, because enforcement of Plaintiff's alleged contractual relationship with Tatum is illegal under applicable law.

11.     Plaintiff's claims are barred, in whole or in part, because the restrictive covenants in the agreements at issue in the action are unreasonable in that they are not reasonably limited in duration, geography, or activities nor are they narrowly tailored to protect a legitimate business interest.

27

12. Plaintiff's claims are barred, in whole or in part, because the restrictive covenants in the agreements at issue in the action are unduly burdensome and would cause substantial hardship.

13. Plaintiff's claims are barred, in whole or in part, because the restrictive covenants in the agreements at issue in the action are void against public policy.

14. Plaintiff's claims or alleged damages are barred, in whole or in part, because Calyx's alleged conduct was not willful, knowing, intentional, or malicious. Further, any award of punitive or exemplary damages is subject to limitations or caps under applicable law, including under constitutional principles of due process.

15. Plaintiff's claims or alleged damages are barred, in whole or in part, because Plaintiff is unable to prove the existence of damages resulting from Calyx's conduct.

16. Plaintiff's claims are barred, in whole or in part, because Calyx lacked knowledge of the existence of a valid and enforceable contract between Plaintiff and Tatum.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to identify any trade secrets or define its alleged trade secrets with sufficient particularity.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trade secrets were and are readily accessible by proper means from publicly available information.

19. Any award of damages should be reduced to the extent Plaintiff failed to mitigate its damages.

20. Plaintiff cannot recover on its claims because its alleged damages are speculative, uncertain, contingent, have not accrued, and/or are otherwise not recoverable.

21. Plaintiff's claims are barred, in whole or in part, because Calyx did not misappropriate Plaintiff's alleged trade secrets or misuse any of Plaintiff's alleged trade secrets or

28

confidential information.

22. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trade secrets constitute information generally known or available to the public or individuals with general knowledge and skill in the field.

23. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trade secrets and confidential information do not derive independent economic value, actual or potential, from not being generally known to the public or others.

24. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged trade secrets exist as part of an unlawful interest.

25. Plaintiff's claims are barred, in whole or in part, because – to the extent Calyx allegedly possessed any trade secret or confidential information of Plaintiff – such information was acquired through proper or legal means.

26. Some or all of Plaintiff's claims are barred because Calyx acted reasonably and in good faith at all times material hereto, based on all relevant facts and circumstances known by Calyx at the time Calyx acted.

27. The alleged losses or harms sustained by Plaintiff, if any, resulted from the acts or omissions of Plaintiff or third parties, including but not limited to intervening acts that broke the chain of causation between Calyx's alleged conduct and Plaintiff's alleged damages.

28. Plaintiff's claims for attorney's fees or costs fail because Plaintiff's claims do not support or warrant an award of attorney's fees, or Plaintiff is not entitled to attorney's fees or costs even if successful.

Calyx reserves the right to amend its Answer to the Amended Complaint and to assert such additional defenses that may appear and prove applicable during the course of discovery and its

29

continuing fact investigation.

**WHEREFORE**, Calyx respectfully requests that the Court dismiss with prejudice Plaintiff's Amended Complaint in its entirety and award its reasonable costs, expenses, and any and all other relief that the Court deems just and proper.

## JURY DEMAND

Calyx demands a trial by jury in this matter on all issues that are so triable.

Respectfully submitted,

*/s/ Oliver D. Frey*
Oliver D. Frey (0098479)
Matthew F. Schmitz (0105159)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
Phone: (614) 464-6323
Email: odfrey@vorys.com
         mfschmitz@vorys.com

*Counsel for Defendant Calyx Containers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2025, a true and accurate copy of Defendant Calyx Containers, LLC's Answer to Plaintiff's Amended Complaint was served on all counsel of record through the Court's ECF system.

*/s/ Oliver D. Frey*
Oliver D. Frey

30