UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KINZIE ADVANCED POLYMERS, LLC, D/B/A GROVE BAGS, | ) ) ) | CASE NO. 1:24-CV-01887 |
| Plaintiff, | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| CALYX CONTAINERS, LLC, et al., | ) ) ) | **DEFENDANT TATUM'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendants. | ) | |

For his Answer to the First Amended Complaint filed by Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags"), Defendant Michael Ryan Tatum ("Tatum") states as follows:

1.      Tatum admits upon information and belief the allegations in paragraphs 1 and 2.

2.      Tatum admits only that Plaintiff sells a product marketed as TerpLoc and denies the remaining allegations in paragraph 3.

3.      Tatum admits only, upon information and belief, that Grove Bags is an Ohio based company and denies the remaining allegations in paragraph 4.

4.      Tatum admits the allegations in paragraph 5.

5.      Tatum admits upon information and belief the allegations in paragraphs 6 and 7.

6.      Tatum admits the allegations in paragraph 8.

7.      Tatum admits that he was formerly employed by Grove Bags and that he performed services for Plaintiff in North America but denies the remaining allegations in paragraph 9.

8.      Tatum admits the allegations in paragraph 10.

1

9. In response to the allegations in paragraph 11, Tatum avers that most of the employees he managed were located in Ohio and that he periodically visited Ohio as part of his job duties but denies the remaining allegations in paragraph 11.

10. Tatum admits that the last position he held with Grove Bags was as Chief Commercial Officer.

11. Tatum admits upon information and belief the allegations in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21.

12. The allegations in paragraph 22 state a legal conclusion to which no response is required.

13. Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies those allegations.

14. Tatum admits the allegations in paragraph 24.

15. Tatum admits that Grove Bags purports to bring breach of contract claims but denies that it has any viable claims and denies the allegations in paragraph 25.

16. In response to paragraphs 26 and 27, Tatum admits that Plaintiff has attached copies of an employment agreement and severance agreement as exhibits to the Amended Complaint.

17. Tatum admits that Grove Bags purports to bring claims against Calyx Containers, LLC ("Calyx") for tortious interference with contract and against both Tatum and Calyx for unlawful use of trade secrets and confidential information but denies that Plaintiff has any viable claims and denies the allegations in paragraphs 28 and 29.

18. Tatum admits the allegations in paragraph 30.

19. Tatum denies the allegations in paragraph 31.

2

20. In response to the allegations in paragraph 32, Tatum admits there is complete diversity of citizenship between the parties but denies that the amount in controversy exceeds the jurisdictional limit.

21. In response to the allegations in paragraphs 33 and 34, Tatum admits that this Court has subject matter jurisdiction but denies that Plaintiff has any cognizable claims.

22. Tatum admits that Plaintiff purports to base jurisdiction in this Court based on the Employment Agreement and Severance Agreement, but denies that the jurisdiction, venue and choice of law provisions are valid or enforceable under the law and therefore denies the allegations in paragraph 35.

23. Tatum denies the allegations in paragraphs 36 and 37 because the relied upon provisions in the Employment Agreement and Severance Agreement are invalid and unenforceable.

24. Tatum admits the allegations in paragraph 38.

25. Tatum denies the allegations in paragraph 39 because the relied upon provisions in the Consultancy Agreement are invalid and unenforceable.

26. Tatum admits the allegations in paragraphs 40 and 41.

27. In response to the allegations in paragraph 42, Tatum admits that the Employment Agreements contain choice of law and jurisdiction provisions but deny that the provisions are valid or enforceable under the law and therefore deny the allegations in paragraph 42.

28. In response to the allegations in paragraph 43, Tatum admits that as a Grove Bags employee he reported to Ohio based managers and managed certain Ohio based employees but denies that he traveled to Ohio regularly and on an ongoing basis.

29. Tatum denies the allegations in paragraph 44.

30. The allegations in paragraph 45 do not relate to Tatum and do not require a response.

4919-7291-9149, v. 3

31.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and therefore denies those allegations.

32.     The allegations in paragraphs 47, 48, 49, and 50 state legal conclusions to which no response is required.

33.     Tatum denies the allegations in paragraphs 51, 52, and 53.

34.     The allegations in paragraphs 54 and 55 state legal conclusions to which no response is required.

35.     The allegations in paragraph 56 do not relate to Tatum and do not require a response.

36.     Tatum denies the allegations in paragraphs 57, 58, 59, 60, 61, and 62.

37.     Tatum admits that Grove Bags sells packaging products to commercial and residential customers but denies the remaining allegations in paragraph 63.

38.     Tatum admits that Grove Bags distributes packaging products for the cannabis industry but denies the remaining allegations in paragraph 64.

39.     Tatum denies the allegations in paragraph 65.

40.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and therefore denies those allegations.

41.     Tatum admits upon information and belief the allegations in paragraphs 67 and 68.

42.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, and 83 and therefore denies those allegations.

43.     Tatum admits the allegations in paragraphs 84 and 85.

44.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86 and therefore denies those allegations.

4

45.     In response to the allegations in paragraphs 87 and 88, Tatum states that the language of the Employment Agreements is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Employment Agreements.

46.     Tatum admits the allegations in paragraph 89.

47.     In response to the allegations in paragraphs 90 and 91, Tatum states that the language of the Consultancy Agreement is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Consultancy Agreement.

48.     Tatum admits the allegations in paragraphs 92, 93,  and 94.

49.     In response to the allegations in paragraph 95, Tatum is without sufficient knowledge or information to form a belief as to whether his Employment Agreement "was consistent with all other Grove Bags' employment agreements in 2020" and therefore denies those allegations. Answering further, Tatum states that the language of the 2020 Employment Agreement is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Employment Agreement.

50.     Tatum admits the allegations in paragraph 96.

51.     In response to the allegations in paragraph 97, Tatum is without sufficient knowledge or information to form a belief as to whether his Employment Agreement "was Grove Bags' base employment agreement" and therefore denies those allegations. Answering further, Tatum states that the language of 2021 Employment Agreement is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Employment Agreement.

52.     Tatum admits the allegations in paragraph 98 except he denies that all of Grove Bags' customer information was confidential.

53.     Tatum admits the allegations in paragraph 99.

4919-7291-9149, v. 3

54. In response to the allegations in paragraph 100, Tatum is without sufficient knowledge or information to form a belief as to whether his Employment Agreement "was Grove Bags' base employment agreement" and therefore denies those allegations. Answering further, Tatum states that the language of the 2023 Employment Agreement is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Employment Agreement.

55. Tatum admits the allegations in paragraph 101 except he denies that all of Grove Bags' customer information was confidential.

56. In response to the allegations in paragraph 102, Tatum admits that the 2023 Employment Agreement increased his salary.

57. Tatum admits the allegations in paragraphs 103 and 104.

58. In response to the allegations in paragraph 105, Tatum admits that on or about August 25, 2023, the employment relationship between Grove Bags and Tatum was terminated and that a severance agreement was executed between the parties but denies the remaining allegations in paragraph 105.

59. In response to the allegations in paragraph 106, Tatum admits that Plaintiff has accurately paraphrased the written terms of the  Severance Agreement which is attached to the Amended Complaint.

60. In response to the allegations in paragraphs 107 and 108, Tatum states that the language of the Severance Agreement is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Severance Agreement.

61. In response to the allegations in paragraph 109, Tatum states that he was provided limited opportunity and time to consult with an attorney and specifically denies the Severance Agreement was "extensively negotiated."

4919-7291-9149, v. 3

62.     Tatum admits that he did not reside in Ohio during his employment by Grove Bags and that he reported to managers in Ohio and that he visited Ohio but denies the remaining allegations in paragraph 110.

63.     Tatum admits the allegations relating to his job duties as alleged in paragraphs 111 and 112.

64.     In response to the allegations in paragraphs 113, 114, 115, 116, and 117, Tatum admits that he was involved in domestic sales efforts, in making sales on behalf of Grove Bags, on developing the sales team, for training employees, but denies that he was solely responsible for those duties.

65.     In response to the allegations in paragraph 118, Tatum admits that during his employment with Grove Bags he was aware of certain of Grove Bags' then current customers, products, vendors, suppliers, employees, and pricing, but denies that he was aware of the undefined term, "trade secrets."

66.     Tatum admits the allegations in paragraphs 119 and 120 as the allegations relate to Grove Bags' customers, information, etc. in effect during the time he was employed by Grove Bags.

67.     The allegations in paragraph 121 state a legal conclusion to which no response is required.

68.     In response to the allegations in paragraphs 122, 123, 124, and 125, Tatum states that the language of the Employment Agreements is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Employment Agreements. Answering further, Tatum denies that the Employment Agreements are valid or enforceable under the law.

69.     Tatum denies the allegations in paragraph 126.

70.     In response to the allegations in paragraph 127, Tatum states that the language of the Employment Agreements is the best evidence and denies any quoted or paraphrased language

inconsistent with the actual language of the Employment Agreements. Answering further, Tatum denies that the Employment Agreements are valid or enforceable under the law.

71. Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128 and therefore denies those allegations.

72. Tatum denies the allegations in paragraph 129.

73. The allegations in paragraph 130 state a legal conclusion to which no response is required.

74. In response to the allegations in paragraph 131, Tatum admits that the terms of the Severance Agreement describe the termination of his employment as a voluntary resignation but deny that the termination was voluntary.

75. In response to the allegations in paragraph 132, Tatum admits that he was provided severance upon signing the Severance Agreement.

76. In response to the allegations in paragraphs 133 and 134, Tatum states that the language of the Severance Agreements is the best evidence and denies any quoted or paraphrased language inconsistent with the actual language of the Employment Agreements. Answering further, Tatum denies that the Severance Agreement is valid or enforceable under the law.

77. Tatum denies the allegations in paragraph 135.

78. In response to the allegations in paragraph 136, Tatum states that he was provided limited opportunity and time to consult with an attorney to negotiate the Severance Agreement.

79. Tatum denies the allegations in paragraphs 137, 138, and 139.

80. The allegations in paragraphs 140, 141, 142, 143, 145, 146, 147, and 148 do not relate to Tatum and do not require a response. To the extent that the Court determines that a response is required, Tatum denies the allegations.

81. Tatum denies the allegations in paragraph 149.

82.     The allegations in paragraphs 150 and 151 do not relate to Tatum and do not require a response. To the extent that the Court determines that a response is required, Tatum denies the allegations.

83.     Tatum admits the allegations in paragraph 152.

84.     Tatum denies the allegations in paragraph 153.

85.     Tatum denies the allegations in paragraphs 154, 155, and 156.

86.     In response to the allegations in paragraph 157, Tatum admits that prior to August 21, 2025, he may have advised third parties of his consulting position with Calyx.

87.     Taum denies the allegations in paragraphs 158, 159, 160, 161.

88.     The allegations in paragraphs 162 and 163 do not relate to Tatum and do not require a response. To the extent that the Court determines that a response is required, Tatum denies the allegations.

89.     Tatum denies the allegations in paragraph 164.

90.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 165 and therefore denies those allegations.

91.     Tatum denies the allegations in paragraph 166.

92.     Tatum admits the allegations in paragraph 167.

93.     Tatum denies the allegations in paragraphs 168 and 169.

94.     Tatum admits the allegations in paragraph 170.

95.     Tatum admits upon information and belief the allegations in paragraphs 171 and 172.

96.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 173 and therefore denies those allegations.

97.     In response to the allegations in paragraph 174, Tatum states that he has been in communication through counsel with Grove Bags regarding the Severance Agreement and

9

4919-7291-9149, v. 3

Employment Agreement since the service of the initial Complaint on Tatum and therefore denies the allegations in paragraph 174.

98.     Tatum admits the allegations in paragraph 175.

99.     In response to the allegations in paragraph 176, Tatum admits that he attended the MJBizCon but denies the remaining allegations in paragraph 176.

100.     Tatum admits the allegations in paragraphs 177, 178, and 179.

101.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 180 and therefore denies those allegations.

102.     Tatum denies the allegations in paragraphs 181, 182, 183, 184, and 185.

103.     Tatum is without sufficient knowledge or information to form a belief as to when Grove Bags decided to move forward with its planned lawsuit or the remaining allegations in paragraph 186 and therefore denies those allegations.

104.     Tatum denies the allegations in paragraphs 187, 188, 189, 190, 191, 192, and 193.

105.     In response to the allegations in paragraphs 194 and 195, Tatum states that the restrictive covenants are invalid and not enforceable under the law and denies the remaining allegations in paragraphs 194 and 195.

106.     Tatum denies the allegations in paragraphs 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, and 207.

107.     In response to the allegations in paragraph 208, Tatum restates and incorporates by reference all of his prior admissions, denials and responses to the preceding paragraphs as if fully rewritten here.

108.     Tatum denies the allegations in paragraphs 209, 210, 211, 212, 213, 214, 215, and 216.

4919-7291-9149, v. 3

109.    In response to the allegations in paragraph 217, Tatum restates and incorporates by reference all of his prior admissions, denials and responses to the preceding paragraphs as if fully rewritten here.

110.    Tatum denies the allegations in paragraphs 218, 219, and 220.

111.    Tatum admits the allegation in paragraph 221 that the Severance Agreement incorporates his obligations under the Employment Agreement but denies that those obligations are valid or enforceable.

112.    Tatum denies the allegations in paragraph 222.

113.    Tatum admits the allegations in paragraph 223.

114.    Tatum denies the allegations in paragraphs 224, 225, and 226.

115.    In response to the allegations in paragraph 227, Tatum restates and incorporates by reference all of his prior admissions, denials and responses to the preceding paragraphs as if fully rewritten here.

116.    The allegations in paragraphs 228 and 229 state legal conclusions to which no response is required.

117.    Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 230, 231, and 232 and therefore denies those allegations.

118.    Tatum denies the allegations in paragraph 233.

119.    The allegations in paragraph 234 do not relate to Tatum and do not require a response.

120.    Tatum denies the allegations in paragraphs 235, 236, and 237.

121.    The allegations in paragraphs 238 through 248 – Count IV Tortious Interference with Economic and/or Business Relations – have been dismissed and no response is required.

11

122.     In response to the allegations in paragraph 249, Tatum restates and incorporates by reference all of his prior admissions, denials and responses to the preceding paragraphs as if fully rewritten here.

123.     Tatum admits the allegations in paragraph 250.

124.     Tatum is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 251 and 252 and therefore denies those allegations.

125.     The allegations in paragraphs 253 and 254 do not relate to Tatum and do not require a response.

126.     Tatum denies the allegations in paragraph 255.

127.     The allegations in paragraph 256 do not relate to Tatum and do not require a response.

128.     Tatum denies the allegations in paragraphs 257, 258, 259, and 260.

129.     The allegations in paragraphs 261 through 269 – Count VI Civil Conspiracy– have been dismissed and no response is required.

130.     The allegations in paragraphs 270 through 282 – Count VII Deceptive Trade Practices – have been dismissed and no response is required.

131.     In response to the allegations in paragraph 283, Tatum restates and incorporates by reference all of his prior admissions, denials and responses to the preceding paragraphs as if fully rewritten here.

132.     Tatum denies the allegations in paragraph 284.

133.     The allegations in paragraph 285 do not relate to Tatum and do not require a response.

134.     Tatum denies the allegations in paragraph 286 and 287.

135.     The allegations in paragraphs 288, 289, and 290 do not relate to Tatum and do not require a response.

136.     Tatum denies the allegations in paragraphs 291, 292, 293, and 294.

4919-7291-9149, v. 3

137.     Tatum denies that Plaintiff is entitled to any of the relief requested in the Amended Complaint.

138.     Tatum denies each and every allegation of the Amended Complaint not specifically admitted in this Answer as true.

## FURTHER ANSWERS AND DEFENSES

1.     The Amended Complaint, in whole or in part, should be dismissed for failure to state a claim upon which relief can be granted.

2.     The Amended Complaint should be dismissed because venue in this Court is improper.

3.     Injunctive relief is inappropriate, and Plaintiff is not entitled to injunctive relief.

4.     Plaintiff cannot establish facts sufficient to show irreparable harm.

5.     Plaintiff has sustained no loss or damages as proximate consequence of any alleged act or omission by Tatum.

6.     Plaintiff has failed to mitigate any damages.

7.     There is no willful or malicious conduct and Plaintiff is not entitled to an award of punitive damages.

8.     Plaintiff's claims for punitive damages violate the Constitutions and Amendments of the United States of America and the State of Ohio.

9.     Plaintiff is not entitled to recover costs and/or attorney's fees.

10.     Plaintiff's claims are barred by Colorado law, specifically C.R.S. § 8-2-113.

11.     Plaintif's contract claims are barred because they violate public policy and/or are illegal.

12.     Any contract between Plaintiff and Tatum is unenforceable because of coercion and duress.

13

4919-7291-9149, v. 3

13. Plaintiff's claims are barred in whole or in part as a result of Plaintiff's prior material breach.

14. Plaintiff's claims fail because the restrictive covenants are unreasonable and not limited as to duration, geography and other factors as required under the law, and do not protect a legitimate business interest..

15. Plaintiff has failed to specifically allege or identify any trade secrets with particularity.

16. Plaintiff's claims are barred by its unclean hands.

17. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own bad faith and/or willful/wanton misconduct.

18. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

19. Plaintiff is estopped by its own actions and/or omissions from seeking the relief it claims is due.

20. Plaintiff's claims are without merit, made in bad faith, and Tatum is entitled to an award of attorneys' fees and costs incurred in the defense thereof.

21. The Amended Complaint was filed for an ulterior purpose, motive, or agenda to interfere with Defendants' business.

22. Tatum reserves the right to assert additional affirmative defenses as they are developed or learned during discovery.

WHEREFORE, having fully answered, Tatum demands that this Court dismiss Plaintiff's Amended Complaint with prejudice and award Tatum his costs, disbursements, reasonable attorney's fees and any other relief that this Court shall deem just and appropriate.

14

4919-7291-9149, v. 3

## JURY DEMAND

A trial by jury of the maximum number of jurors permitted by law is hereby demanded.

Respectfully submitted,

/s/ Lester W. Armstrong
Lester W. Armstrong (0036832)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 600
Cleveland, Ohio 44122
Phone:    (216) 831-0042
Fax:       (216) 831-0542
Email:    larmstrong@meyersroman.com

*Attorneys for Defendant, Michael Ryan Tatum*

## CERTIFICATE OF SERVICE

I certify that on October 1, 2025, I electronically filed a copy of Defendant Tatum's Answer to Amended Complaint. The Court's electronic filing system will send notice of this filing to all parties who may access this filing through the Court's system.

/s/ Lester W. Armstrong
Lester W. Armstrong (0036832)

15

4919-7291-9149, v. 3