**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF OHIO
EASTERN DIVISION**

KINZIE ADVANCED POLYMERS, LLC,  :
d/b/a Grove Bags,  :
                               :
        Plaintiff,  :
                               :           Case No. 1:24-cv-01887-SO
v.  :
                               :           Judge Solomon Oliver, Jr.
CALYX CONTAINERS, LLC, et al.,  :
                               :
        Defendants.  :

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT
AND TO FILE THE SECOND AMENDED COMPLAINT *INSTANTER***

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiff Kinzie

Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags") hereby respectfully

moves for leave to amend the First Amended Complaint (ECF #9) to assert claims under the

Lanham Act, 15 U.S.C. §§ 1051 et seq. and state law.   Good cause exists under Rule 16 to amend

the Case Management Conference Order (ECF #32) because this lawsuit has been delayed by the

conduct of Defendants Calyx Containers, LLC ("Calyx") and Michael Ryan Tatum ("Tatum") that

resulted in multiple motions to compel and motions for sanctions.  In addition, the attached Second

Amended Complaint (Exhibit 1) is legally and factually valid and it has been timely asserted once

Calyx provided discovery in response to this Court's discovery order (ECF #94).  The discovery

produced demonstrates that Calyx knowingly and improperly obtained test results on its product

in comparison to Grove Bags' product and it used the improper test results to falsely advertise its

products directly to Grove Bags' customers.

This Motion is supported by the attached Memorandum in Support.  The proposed Second

Amended Complaint is also attached.  Accordingly, for good cause shown, this Court should grant

1

Plaintiff leave to amend and to order that the Second Amended Complaint is filed *instanter*.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Y. Timothy Chai (0092202)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
tchai@grsm.com
dslezak@grsm.com

*Attorneys for Plaintiff Kinzie Advanced
Polymers, LLC d/b/a Grove Bags*

## MEMORANDUM IN SUPPORT

I.  **INTRODUCTION**

Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags ("Plaintiff" or "Grove Bags") develops and distributes packaging products that create the optimal cannabis climate inside every package.  The key to Grove Bags' packaging leadership in the industry is TerpLoc®, a cannabis film that is the first of its kind developed by Grove Bags.  Unlike other cannabis packaging solutions, TerpLoc® assists in the curing of marijuana, and this curing solution makes Grove Bags' products optimal for many segments of the cannabis supply, storage, and retail markets.

Defendant Calyx Containers, LLC ("Calyx") is a competitor in the cannabis packaging industry.  However, until 2024, Calyx's packaging products did not include packages that provided a curing solution for customers.  To enter the curing market, Calyx reversed engineered TerpLoc® and then contracted with Defendant Michael Ryan Tatum ("Tatum"), to lead up Calyx's marketing and sales activities on its new product.  Tatum previously managed Grove Bags' sales team and his contract prohibited the services he provided to Calyx.

Tatum developed and implemented the marketing plan for Calyx's competing product. Discovery has shown that Calyx's marketing for its product directly addresses Grove Bags' products and services.  Tatum initially implemented Grove Bags' side-by-side testing model at Calyx and Calyx asked prospective customers to test the two products at Calyx's costs.  Based on Calyx's total lack of sales, it appears the side-by-side testing was not beneficial to Calyx.  Despite the negative side-by-side testing results, discovery has shown that Tatum and Calyx then altered their marketing plan and focused on obtaining test results from a third party that purportedly demonstrated Calyx's product outperformed TerpLoc®.  Discovery has shown that over 150 customers were directly solicited based on these third-party test results and Grove Bags' products

3

were directly addressed.

This Motion is based on Grove Bags' findings through discovery that Calyx's advertising campaign is knowingly false and misleading in violation of state and federal law.  Discovery has shown that the test results were knowingly skewed in favor of Calyx.  The testing did not utilize standard packaging conditions and Calyx did not disclose the conditions utilized to third parties. In fact, Calyx has marked its emails with the third-party testing company as confidential to prevent Grove Bags from advising customers of the false and misleading test results.  Finally, to verify the testing company does not alter its position, Calyx has rewarded the third-party testing company for its work through a research partnership payment.  In sum, Calyx has violated state and federal law and Grove Bags seeks leave to amend its First Amended Complaint (ECF #9) based on the proposed complaint attached as Exhibit 1.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

### A.     Procedural History.

This lawsuit was filed by Plaintiff on October 29, 2024.  (ECF #1).  The Case Management Conference was held on April 30, 2025.  (ECF #32).  The Case Management Conference Order set June 9, 2025 as the deadline to join parties and/or to amend the pleadings.  (ECF #32).  The discovery and expert deadlines in the Case Management Conference Order have been extended (ECF ##66, 81, and 92).  The extensions have been sought and granted because Grove Bags had to file three motions to compel and three motions for sanctions against the Defendants for, *inter alia*, failing to comply with their obligations under the discovery rules.  (ECF ##64, 65, 78, 79, 80, and 98).

The First Amended Complaint was filed on January 10, 2025.  (ECF #9).  The claims asserted by Plaintiff in the First Amended Complaint were:  Count I:  Breach of Contract

4

(Employment Agreement); Count II: Breach of Contract (Severance Agreement); Count III: Misappropriation of Trade Secrets; Count IV:  Tortious Interference with Economic and/or Business Relations; Count V: Tortious Interference with Economic, Contract, and/or Business Relations; Count VI:  Civil Conspiracy; Count VII: Deceptive Trade Practices; and Count VIII: Injunctive Relief.  (ECF #9).  Following an injunction hearing, this Court granted, in part, Plaintiff's motion for preliminary injunction on August 21, 2025, on the contract and tortious interference claims.  (ECF #56).

On September 17, 2025, this Court partially granted Defendants' motion to dismiss.  (ECF #61).  Calyx's Motion was granted with respect to Calyx's tortious interference with economic/business relationships (Count IV), civil conspiracy (Count VI), and deceptive trade practices (Count VII).  (ECF #61).

**B.** **The March 6, 2026 Production In Response To The Court's Order Revealed New Facts And Claims.**

On February 5, 2026, the Court granted, in part, one of the three motions to compel filed by Grove Bags.  (ECF #94).  The responsive documents were produced by Calyx on March 6, 2026.  (ECF #98-1).

Discovery has shown that Calyx developed its competing product by reverse engineering Grove Bags' TerpLoc®.  Tatum, Grove Bags' former head of sales for TerpLoc®, was retained to provide services to Calyx specifically for the new product.  Calyx did not have curing knowledge or experience selling curing packaging products to the cannabis industry.  In addition, Tatum provided trade secrets to Calyx on Grove Bags' sales in order to assist Calyx in determining what additional package sizes should be manufactured and marketed.

Prior to March 6, 2026, Defendants took the position that Tatum played no role in the sales of Calyx's competing products.  However, the documents revealed that Tatum was not only

heading up the marketing of Calyx's competing product, but also heavily involved in the sales of the competing product.  (ECF #98-1).  Defendants' written discovery responses, injunction evidence, and sworn testimony denied that Tatum was involved in sales of Calyx's competing product.  (ECF #98-1).  As a result, Grove Bags filed a Motion for Sanctions Against Defendants and Motion to Deem Admissions Relating to Solicitations Admitted.  (ECF #98).

The documents produced also revealed new claims that are subject to this Motion.  On April 7, 2026, Grove Bags filed documents under seal that demonstrate that Tatum not only led up Calyx's marketing efforts on its new, competing product, but also led up sales of the new product in 2024 and 2025.  (ECF ##104 and 105).  Relevant to this Motion, the sealed documents demonstrate that Tatum implemented the side-by-side product testing challenge that Grove Bags has utilized to help the cannabis industry learn the value of its curing products.  (ECF ##104 and 105).  Due to Grove Bags' leading position in the industry, Tatum's side-by-side testing asked prospective customers to test Calyx's product against Grove Bags' products.  (ECF ##104 and 105).

The side-by-side test results and communications relating to the side-by-side test results have not been produced by Calyx.  However, Calyx's sales were significantly below Calyx's projections, and the low sales were presumably due to Calyx's unfavorable results in the side-by-side tests.  In addition, following the lack of results in Tatum's side-by-side solicitations, Calyx then went to a third-party testing company in the hopes of creating test results that could be utilized to market Calyx's products rather than the side-by-side testing.

The communications between Calyx and the third-party test organization are being filed under seal.[1]  The communications show that Calyx, through its founder, owner and CEO, Simon

---

[1] These documents – communications with a third party -- should not have been marked as confidential, but Calyx has refused to remove the Confidential designation.

Knobel, and Tatum, discussed and agreed upon a testing protocol that was designed to be cheaply done, using methods that violate core tenants of valid and reliable scientific research, all with the admitted purpose of fabricating results to support Calyx's marketing claims. Indeed, the email even confirms that the testing protocols were changed in the middle of the actual test.

The underlying data from the test have not been produced by Calyx. However, Calyx has marketed the test results to prospective customers with the claim that Calyx's product is superior to TerpLoc®. This claim is false and misleading based on Calyx's improper testing procedures, the failure to disclose the conditions the products were tested under, and the misstatements that are contained in Calyx's marketing materials.

Finally, Calyx's March 6, 2026, document production demonstrated that from August 25, 2023, through February 26, 2026,[2] Calyx has over 600 solicitations to hundreds of customers that directly address Grove Bags' products and services. The actual communications have not yet been produced, but the summary sheet, filed under seal, shows that the communications are based on the test results set forth above.

### C.     Grove Bags Has Acted Promptly On The New Evidence.

As set forth in prior filings, Defendants have attempted to gain leverage in this lawsuit by filing administrative actions and out of state litigation against Grove Bags. Relevant to this Motion, Calyx filed a National Advertising Division ("NAD") complaint against Grove Bags arising out of Grove Bags' advertising. The NAD matter recently concluded.

The documents produced on March 6, 2026, revealed that Calyx's testing procedures were highly irregular. Grove Bags has asked Calyx to remove the confidential designation on these documents, but Calyx has refused. Without the removal of the designation, Grove Bags is faced

---

[2] Calyx has not supplemented the production pursuant to its obligations under Rules 26 and 34, but Grove Bags continues to learn about Calyx's direct marketing efforts aimed at Grove Bags.

with questions from customers and potential customers on Calyx's false test result claims that cannot be truthfully responded to with the accurate facts.  Moreover, Calyx has been coupling these false claims with pricing designed not to earn profits, but to dump Calyx's products.  The damages have been significant, and Grove Bags has retained highly experienced counsel to prosecute the state and federal advertising claims set forth in the Second Amended Complaint.

The Second Amended Complaint is attached as Exhibit 1.  The new claims that Grove Bags seeks to assert are:  Count VI:  Violation of Section 43(a) of the Lanham Act (False Advertising Under 15 U.S.C. §1125(a)); Count VII:  Violation of Section 43(a) of the Lanham Act (Commercial Disparagement Under 15 U.S.C. §1125(a)); and Count VIII: Deceptive Trade Practices under the Ohio Deceptive Trade Practices Act, O.R.C. §4165.02;

The current discovery cut-off is July 6, 2026.  (ECF #107).  If this Motion is granted, Plaintiff would only need a 75-day extension of this date to complete discovery of all claims.  This brief extension would also assist the Parties to complete written discovery and the Court to rule on the five outstanding motions prior to the filing of dispositive motions.  Accordingly, the granting of this Motion will only minimally delay this matter.

III.    **ARGUMENT**

A.    **Standard Of Review.**

Based on the need to amend the Case Management Conference Order, this Motion is based on Rules 15 and 16.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Rule 16 requires the District Court to enter a scheduling order that includes a deadline for amending pleadings and provides that a court can modify its scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(3)(A) & (4).  The Sixth Circuit has held that notwithstanding

Rule 15's directive to freely give leave to amend, a party seeking leave to amend after the scheduling order's deadline must first meet Rule 16's good-cause standard in order for the district court to amend the scheduling order. *See Leary*, 349 F.3d at 909; *Armatas v. Haws*, 2021 WL 5356028 at * 3 (6th Cir. 2021); *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 Fed. Appx. 364, 367 (6th Cir. 2016). *See also Satterwhite v. Ashtabula County Metroparks*, 514 F.Supp.3d 1014, 1021 (N.D. Ohio 2021).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). *See also Leary*, 349 F.3d at 907.  Possible prejudice to the party opposing modification is another relevant consideration in the good cause analysis. *Inge*, 281 F.3d at 625. *See also Leary*, 349 F.3d at 909; *Carrizo (Utica) LLC.*, 661 Fed. Appx. at 368; *Satterwhite,* 514 F.Supp.3d at 1021-1022.

If good cause is shown under Rule 16, the court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), a district court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

**B.**      **<u>Grove Bags Meets The Good Cause Standard</u>.**

Grove Bags has been diligent in meeting the case management order's requirements. *Inge v. Rock Fin. Corp*, 281 F.3d 613, 625 (6th Cir. 2002). But discovery efforts have been one-sided. Grove Bags has been forced to file three motions to compel and three motions for sanctions to obtain relevant and discoverable information. Two of the motions to compel and the three motions for sanctions remain pending. With the motions to compel pending, Grove Bags has sought to extend the Case Management Conference Order to permit time for the Court to rule and Grove Bags to act on the discovery produced.

There is no prejudice that will result if this Motion is granted. *Inge*, 281 F.3d at 625; *Leary*, 349 F.3d at 909; *Carrizo (Utica) LLC.*, 661 Fed. Appx. at 368; *Satterwhite,* 514 F.Supp.3d at 1021-1022. If the mediation on May 26, 2026, is not successful, the Parties still have to work through written discovery issues, the Court needs to rule on the outstanding motions, and the parties need to complete depositions. This Motion will add claims, but the claims are based on discovery already produced, even though only recently produced by Defendants. The additional discovery sought is discovery that Grove Bags was already seeking due to the existing claims at issue.

In sum, good cause exists to amend the Case Management Conference Order. Grove Bags respectfully requests that this Court hold a status conference to discuss the new dates and a date for an injunction hearing on the claims at issue in this Motion and the proposed Second Amended Complaint.

### C.      **Grove Bags Meets The Rule 15 Standard.**

Grove Bags also meets the Rule 15 standards to amend its complaint. Fed. R. Civ. P. 15(a)(2); *Teft*, 689 F.2d at 639; *Carson*, 633 F.3d at 495. The attached amended complaint is brought in good faith, and it is firmly based on the law and facts. In addition, Grove Bags will now include highly experienced Lanham Act counsel to assist in the prosecution of these new

claims.

As described in detail in the attached, proposed Second Amended Complaint, Calyx, at the direction and participation of Nobel, recently launched a widespread comparative advertising campaign falsely claiming that its products are objectively superior to Grove Bags' products, as well as disseminating several other false and misleading advertising claims.  This campaign is designed to deceive, and has already deceived, customers and potential customers, and has irreparably harmed Grove Bags.  This conduct violates federal and state law, including the federal Lanham Act and the Ohio Deceptive Trade Practices Act, and should be immediately enjoined.

Finally, as set forth above, the delay caused by this Motion is minimal, if at all.  More importantly, Calyx has already asserted advertising claims against Grove Bags.  Therefore, Calyx is familiar with the law, and it has already retained separate counsel who are experienced in this area.  This separate counsel is headquartered in Cleveland, Ohio and, therefore, Calyx will not suffer prejudice by defending the new claims in this Court.

Accordingly, Grove Bags meets the Rule 15 standard and it should be granted leave to amend its First Amended Complaint.  To avoid delay, Grove Bags requests that the attached Second Amended Complaint be filed *instanter* once this Motion is granted.

## IV.     CONCLUSION

Based on the above-cited arguments and authorities, Grove Bags should be granted leave to amend its First Amended Complaint and the Second Amended Complaint attached hereto as Exhibit 1 should be filed *instanter*.

> Respectfully submitted,
>
> */s/ David A. Campbell*_____
> David A. Campbell (0066494)
> Y. Timothy Chai (0092202)
> Donald G. Slezak (0092422)

11

Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
tchai@grsm.com
dslezak@grsm.com

*Attorneys for Plaintiff Kinzie Advanced*
*Polymers, LLC d/b/a Grove Bags*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd of May, 2026, a true and accurate copy of the foregoing motion was electronically filed with the Court and served through the Court's online service process.

_/s/David A. Campbell_
*Attorney for Plaintiff Kinzie Advanced Polymers, LLC d/b/a Grove Bags*